MURDOCK, Justice
(dissenting).
I agree with the argument advanced by BP P.L.C., BP Corporation North America, Inc., and BP America Inc. (hereinafter referred to collectively as “BP”) regarding the import of Section 1.3.1.11 of the settlement framework incorporated in the federal district court’s judgment in the multidis-trict litigation. That is, I agree with BP that claims asserting real-property damage of the nature asserted by Regions Bank were encompassed within the class settlement as an exception to the general exclusion of financial institutions pursuant to Section 2 of the settlement framework.
Regions attempts to counter BP’s reasonable reading of the import of Section 1.3.1.11by putting forth the notion that the purpose of that section is merely to provide to entities who were not parties to the litigation that resulted in the federal court judgment “optional access to the claims administration framework” created in that judgment. I cannot agree that the federal judgment was intended to serve “as a basis of rights for non-class members” who were not parties to the litigation concluded by that judgment.
Therefore, I respectfully dissent. My position as set out herein is consistent with that of Justice Shaw, with whose special writing I agree in the main.